IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WITNESS SYSTEMS, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | No. 1:06-cv-126-TCB |
| NICE SYSTEMS, INC. and | ) | |
| NICE SYSTEMS LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Plaintiff's objections [182] to the Special Master's Report and Recommendation on Defendants' motion in limine to preclude Plaintiff from relying on the doctrine of equivalents due to prosecution history estoppel [176] and the Special Master's supplemental Report and Recommendation on Defendants' motion for summary judgment on non-infringement regarding the meaning of "device" [177], to which no objections have been filed.

Pursuant to Rule 53 of the Federal Rules of Civil Procedure, the Court has conducted a careful, *de novo* review of the portions of the Report and Recommendation to which Plaintiff has objected. Fed. R. Civ. P. 53(g)(3). Having done so, the Court finds the Plaintiff's objections have no merit and that the Special Master's factual and legal conclusions were correct. Accordingly, Plaintiff's objections are hereby overruled, and the Court adopts as its order the Special Master's Report and Recommendations.

However, in his Report and Recommendation on Defendants' motion in limine to preclude Plaintiff from asserting the doctrine of equivalents, Special Master McKelvie did not address one of the arguments Plaintiff raised in opposition to Defendants' motion in limine. Rather, he stated that "as [Defendants'] motion raises an issue of law that will need to be addressed by the Court at some stage in this proceeding, my recommendation to the Court is that the Court review and address" this issue prior to trial.

The issue to which Special Master McKelvie refers is Plaintiff's contention that the Court should deny Defendants' motion in limine

because the relief it seeks should have been sought in a motion for summary judgment.[1] The Court agrees with Plaintiff.

"Motions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues." *Natural Res. Def. Council v. Rodgers*, No. CIV-S-88-1658-LKK, 2005 WL 1388671, at *1 (E.D. Cal. June 9, 2005); *see also Provident Life & Accident Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (D. Mich. 1997) (denying motion in limine because subject of motion should have been raised in a motion for summary judgment).

Whether the prosecution history of the '857 patent precludes Plaintiff from relying on the doctrine of equivalents to prove that Defendants infringed the '857 patent is an issue of law to be decided by the Court. *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n.8 (1997) ("[I]f prosecution history estoppel would apply . . . partial or complete judgment should be rendered by the court, as there would be no further material issue for the jury to resolve."). As an issue of law in the Court's province, Defendants should have raised the application of prosecution history estoppel in a properly supported motion for summary judgment rather than in a motion in limine on the eve of trial. *See*

---

[1] Defendants did not address this argument in their reply in support of their motion in limine.

*Monsanto Co. v. Bayer Bioscience N.V.*, No. 4:00-cv-01915-ERW, 2005 WL 5989796, at *11 (E.D. Mo. Oct. 28, 2005) (construing defendant's motion in limine seeking to prevent plaintiff from asserting the doctrine of equivalents due to prosecution history estoppel as a "disguised" motion for partial summary judgment and denying it as untimely). Accordingly, because Defendants have raised this issue in an untimely and improper manner, Defendants' motion in limine to preclude Plaintiff from asserting the doctrine of equivalents is hereby denied.

## II.  Conclusion

For the foregoing reasons, Plaintiff's objections are OVERRULED, and the Court ADOPTS as its order the Special Master's Report and Recommendations [176, 177]. Defendants' motion in limine to preclude Plaintiff from asserting the doctrine of equivalents [140] and Defendants' motion for summary judgment of non-infringement [122] are DENIED.

IT IS SO ORDERED this 10th day of May, 2007.

_____
Timothy C. Batten, Sr.
United States District Judge

*Monsanto Co. v. Bayer Bioscience N.V.*, No. 4:00-cv-01915-ERW, 2005 WL 5989796, at *11 (E.D. Mo. Oct. 28, 2005) (construing defendant's motion in limine seeking to prevent plaintiff from asserting the doctrine of equivalents due to prosecution history estoppel as a "disguised" motion for partial summary judgment and denying it as untimely). Accordingly, because Defendants have raised this issue in an untimely and improper manner, Defendants' motion in limine to preclude Plaintiff from asserting the doctrine of equivalents is hereby denied.

## II.  Conclusion

For the foregoing reasons, Plaintiff's objections are OVERRULED, and the Court ADOPTS as its order the Special Master's Report and Recommendations [176, 177]. Defendants' motion in limine to preclude Plaintiff from asserting the doctrine of equivalents [140] and Defendants' motion for summary judgment of non-infringement [122] are DENIED.

IT IS SO ORDERED this 10th day of May, 2007.

_____
Timothy C. Batten, Sr.
United States District Judge